# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

STATE OF WASHINGTON,

Respondent,

v.

LEON DENARD CURRIE,

Appellant.

No. 57426-8-II

UNPUBLISHED OPINION

CHE, J. — Leon Denard Currie appeals the trial court's denial of his 2022 motion to produce exculpatory and mitigating evidence (2022 motion).

In 1995, a jury convicted Currie of homicide by abuse for the death of Mary Jo McDaniel's son, EM. Currie's defense at trial was that McDaniel was solely responsible for EM's death. On appeal, Currie's conviction was affirmed.

In 2021, pursuant to a public records request, Currie received a 1994 prosecutor's statement that was prepared as part of failed plea negotiations and contained the prosecutor's assessment of Currie's case and bases for filing a reduced charge. The prosecutor's statement was never filed with the trial court. Currie moved for post-conviction discovery. The trial court treated Currie's motion as a motion for relief from judgment under CrR 7.8 and transferred it to this court for consideration as a personal restraint petition (PRP) because it appeared to be time-barred. We dismissed it as time-barred under RAP 16.11(b).[1]

---

[1] See Clerk's Papers at 2 (Order Dismissing Pet., *In re Pers. Restraint of Currie*, No. 56556-1-II (March 2, 2022)).

In 2022, Currie again moved for post-conviction discovery. The trial court denied the motion. Currie now argues the failure to provide the 1994 prosecutor's statement is a *Brady*[2] violation entitling Currie to a new trial.

We hold that Currie's motion is a post-conviction discovery request under CrR 4.7, Currie has not shown that he is entitled to post-conviction discovery, and the trial court did not err in denying Currie's motion for discovery materials.

Accordingly, we affirm the trial court's order denying Currie's motion.

FACTS

I. BACKGROUND

McDaniel was EM's biological mother and Currie's girlfriend. After EM died, the State charged Currie with homicide by abuse and second degree murder in the alternative. The State charged McDaniel and Currie as accomplices, but they had separate trials.[3] Prior to Currie's trial, a jury convicted McDaniel of homicide by abuse. *State v. Currie*, noted at 85 Wn. App. 1080, 1997 WL 206094, at *1 n.1.

Currie's defense at his trial was that McDaniel was solely responsible for EM's death. *Id.* at *4. The trial court admitted evidence from McDaniel's trial into Currie's trial to support his defense.

A jury convicted Currie of homicide by abuse. *Id.* at *1. The trial court imposed an exceptional sentence based on several aggravating factors. *Id. at* *9. Currie appealed, and this court affirmed his conviction in 1997. *Id. at* *1.

---

[2] *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).
[3] *State v. Currie*, noted at 85 Wn. App. 1080, 1997 WL 206094, at *1; *see State v. McDaniel*, noted at 84 Wn. App. 1093, 1997 WL 52943.

## II. PROSECUTOR'S STATEMENT

In 2021, it appears that Currie filed a public records request with the Pierce County Superior Court, requesting "all amendments" pertaining to his case. Clerk's Papers (CP) at 132 (internal quotation marks omitted). The superior court sent Currie a prosecutor's statement from 1994, which was prepared as part of failed plea negotiations and contains the prosecutor's assessment of Currie's case and bases for filing a reduced charge.

The prosecutor's statement articulated that a jury had convicted McDaniel of homicide by abuse, that McDaniel was not available as a witness to the State in Currie's trial, and that even if McDaniel was available, she suffered from "significant credibility problems." CP at 138. The statement further explained that the State could not locate one of two witnesses who had heard Currie admit to striking the victim. The prosecutor also expressed that "because [Currie] would assert at trial that [McDaniel] inflicted the fatal injuries, all of the State's previous evidence against [McDaniel] would be admissible at trial and would tend to incriminate [McDaniel] and exculpate [Currie]." CP at 139. In relevant part, the prosecutor stated, "It is unlikely that the State would prevail in a homicide by abuse prosecution against this defendant. A plea to the reduced charge of manslaughter is consistent with the interests of justice and reflects the charge likely to result in a jury trial." CP at 139.

In late 2021, after he learned about the prosecutor's statement, Currie filed a motion seeking the production of "all exculpatory evidence" from McDaniel's case (2021 motion). CP at 1284-87. The motion did not reference under which court rule he sought relief. The trial court treated the motion as a motion for relief from judgment under CrR 7.8 and transferred it to

this court for consideration as a PRP because it appeared to be time-barred. We subsequently dismissed it as time-barred under RAP 16.11(b).

### III. 2022 MOTION

In 2022, Currie filed another motion to produce exculpatory and mitigating evidence, requesting the State to produce "any and all material which may be exculpatory and mitigating" and seeking a "reference hearing" and "dismiss[al] [of] all charges upon the Court's determination that [t]he State in fact withheld exculpatory material." CP at 131-39. As with his 2021 motion, Currie did not specify under which court rule he sought relief.

In Currie's 2022 motion, he objected to the recharacterization of his motion as a CrR 7.8 motion and its transfer to this court as a collateral attack, citing RAP 7.2(e). Currie argued that the State failed to disclose *Brady* evidence—the prosecutor's statement, which was never filed in court.

The trial court denied Currie's 2022 motion and Currie appealed.[4]

### ANALYSIS

Currie argues the trial court erred by denying his 2022 motion to require the State to produce known exculpatory evidence because the prosecutor's statement establishes a *Brady* violation. We disagree.

---

[4] We granted the State's motion to modify our commissioner's ruling that the matter is appealable as a matter of right—ruling that Currie's notice of appeal would be converted to a notice for discretionary review under RAP 5.1(c). Ord. Granting Mot. to Modify, Converting to Discr. Rev., and Setting Br. Schedule, *State v. Currie*, No. 57426-8, at 1 (Wash. Ct. App. Dec. 27, 2022). Currie filed a motion for reconsideration, which was transferred to the Supreme Court for consideration as a motion for discretionary review. Mot. for Recons., *State v. Currie*, No. 57426-8, at 1-9 (Wash. Ct. App. Dec. 29, 2022). Our Supreme Court denied Currie's motion for discretionary review. Ruling Den. Rev., *State v. Currie*, No. 101584-4, at 1-5 (Wash. Sup. Ct. May 9, 2023).

Generally, we review discovery decisions based on CrR 4.7 for abuse of discretion. *State v. Asaeli*, 17 Wn. App. 2d 697, 699, 491 P.3d 245 (2021). However, we review de novo whether a court rule applies to a particular set of facts and interpret court rules in the same way we interpret statutes. *State v. Walker*, 199 Wn.2d 796, 800, 513 P.3d 111 (2022).

When interpreting a court rule, our primary goal is to determine and give effect to the Supreme Court's intent. *Asaeli*, 17 Wn. App. 2d at 699. This requires looking at the plain language of the court rule, which is ascertained from the rule's related provisions, context, and scheme as a whole. *Id*. In doing so, "we may look to the rule's title to assist in interpreting a court rule." *Id*. If the words in the court rule are plain and unambiguous, further interpretation is not needed and the court rule is applied as written. *Id*.

Here, Currie filed a 2022 motion to produce exculpatory and mitigating evidence, requesting the State to produce "any and all material which may be exculpatory and mitigating" and seeking a "reference hearing" and "dismiss[al] [of] all charges upon the Court's determination that [t]he State in fact withheld exculpatory material." CP at 131-39. Currie claims that this is not a CrR 7.8 post-conviction motion. We construe Currie's 2022 motion as a request for discovery, which is governed by CrR 4.7, and Currie's request for dismissal of all charges on the basis of an alleged *Brady* violation as his desired remedy for the State's failure to provide discovery.

In interpreting CrR 4.7, we may look to the rule's title. CrR 4.7 is within Title 4 of the Superior Court Criminal Rules, titled "Procedures *Prior to Trial*" (emphasis added). This title signifies that our Supreme Court intended CrR 4.7 to apply to *pre-trial* discovery procedures, not post-conviction procedures. Additionally, CrR 4.7 does not state nor imply that its provisions

apply after a defendant has been convicted. Indeed, CrR 4.7(a)(1) states that the prosecuting attorney must disclose to the defendant discovery material no later than the omnibus hearing—a *pretrial* hearing. *See Asaeli*, 17 Wn. App. 2d at 700 (CrR 4.7 does not apply to post-conviction proceedings). Thus, Currie had no right to post-conviction discovery under CrR 4.7. Furthermore, neither does due process support Currie's motion because Currie has not shown good cause for obtaining discovery.

Thus, we hold Currie's motion is a post-conviction discovery request under CrR 4.7, Currie has not shown that he is entitled to post-conviction discovery, and the trial court did not err in denying Currie's motion for discovery materials.

CONCLUSION

We affirm the trial court's order denying Currie's 2022 motion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Maxa, P.J.

Price, J